## THOMAS B. GILES,

### *vs.*

### JOHN B. LEWIS and ELIZABETH, his wife, and MORDECAI DOUGHTEN and REBECCA, his wife.

*New Castle, Feb. T. 1868.*

The Court of Chancery has jurisdiction of a bill for the foreclosure of a mortgage on default in the payment of one installment, and will order the sale of the mortgaged premises before the entire principal falls due.

BILL IN EQUITY.—This bill was filed to obtain foreclosure of a mortgage for $6,500, payable with interest, in six equal payments, in one, two, three, four, five and six years, respectively, from date. The mortgage was given for part of the purchase money of real estate, and was dated June 30th, 1866 : it was without any defaulting clause.

On June 30th, 1867, the interest for one year, and the first installment of the principal became due ; and being unpaid, the plaintiff alleged that the estate mortgaged to him became absolute ; that the mortgaged premises were but scanty and precarious security, and that he was without remedy at law.

The bill prayed for a decree for the payment of the whole of the mortgage money, or in default thereof, that the mortgagers might be foreclosed of their equity of redemption, and that the mortgaged premises might be sold under a decree of the Court, and out of the proceeds thereof, that the full amount secured by the mortgage, and all interest due should be paid.

The answer admitted the liability and default, but denied that, upon the non-payment of the installment, the estate became absolute in the mortgagee ; alleged that no time was fixed in the mortgage, at which, upon failure of the payment of any installment, or interest, any forfeiture of the estate mortgaged should be absolute, and it could not become so until after the sale ; that the mortgage becomes absolute, under the provisions of the Statute, only upon the sale and confirmation thereof by the Superior Court.

The defendants, by answer, and also by cross bill, set up various other alleged equities growing out of the circumstances of the sale, which are immaterial here.

The bill was entertained, and much testimony was taken, and the cause was prepared for final hearing at the September Term, 1869, when *T. F. Bayard* for the complainant and *Layton* and *G. B. Rodney*, for the defendants, filed an agreement under which the cross bill was dismissed, the answer in the original cause withdrawn, and the bill taken as confessed ; and a decree was entered that the mortgage be foreclosed and the equity of redemption of the mortgagors forever barred ; and also, for the payment of the entire sum secured by the mortgage, forthwith, and in default, for a sale of the mortgaged premises.

Under this decree, an order for the sale was issued and the premises sold by the sheriff and the proceeds of the sale applied to the payment of the mortgage.

NOTE. In *Gilpin, Ex'r. vs. Becker et al*, New Castle, Sept. T. 1874, as yet unreported, a bill was filed for a foreclosure of a mortgage upon default in the payment of installments, but before the principal was wholly due, according to the terms of the mortgage. The mortgage had no defaulting clause. The mortgagors, *terre tenants* and junior incumbrancers were made defendants. Service was made personally upon the *terre tenants*, two of the junior incumbrancers appeared *gratis* and publication was made for the remaining defen- dants. The bill was taken *pro confesso*, and a decree was entered for the fore- closure of the mortgage, and under the decree, the mortgaged premises were sold by the Sheriff, under the order of the Court.

This case and *Giles vs. Lewis et al.* here reported, though the decrees in both were uncontested, established the jurisdiction in equity for the foreclosure of the mortgage upon default in the payment of an installment, where the mortgage does not provide that the entire principal shall become due upon such default. So far as the assumption of jurisdiction by the Court is concerned, it does not detract from the authority of the present case that the decree was by consent, as that would not confer jurisdiction. Prior to these two cases, there is no reported instance of the exercise of the jurisdiction by the Court of Chancery in this State.