Gibson v. Martin.

## GIBSON v. MARTIN.

1. MORTGAGE OR CONDITIONAL SALE: *When doubtful.*
   When it is doubtful whether an instrument was intended as a mortgage or conditional sale, the law will construe it to be a mortgage.

2. MORTGAGE: *What it is.*
   A mortgage is not necessarily a security for a debt. It may be for the performance of some acts or an indemnity against some liability of the mortgagee.

3. SHERIFF'S DEED: *Executed by Deputy, good.*
   A sheriff's deed of land sold under execution may be executed in his name by his deputy.

4. SAME: *When unimpeachable by evidence.*
   A sheriff's deed, regular and valid on its face, and set up in the complaint, and not impeached by the answer, cannot be impeached by evidence.

APPEAL from *Jackson* Circuit Court in Chancery.
HON. R. H. POWELL, Circuit Judge.

### STATEMENT.

In January, 1866, J. W. Golightly executed to J. N. S.
Gibson, by the name of Spotwood Gibson, the following
deed, to-wit:

"JOHN W. GOLIGHTLY

   To   } Mortgage.

"SPOTWOOD GIBSON.

"*Know all men by these presents:* That I, John W. Go-
lightly, for and in consideration of one dollar, in hand paid,
and for the further consideration that Spotwood Gibson has
executed, as security for the party of the first part, a prom-
issory note for the sum of seven hundred and eighty dol-
lars, due the twenty-fifth day of December, 1866, payable
to William R. Jones, the receipt of which is hereby ac-
knowledged, have granted, bargained and sold to the party
of the second part, the following real estate in the county
of Jackson, in the State of Arkansas, to-wit: Lots four,
five, two and three of the Northwest fractional quarter of
Section 19, T. 9, N. R. 2, W., containing one hundred and
fifty-eight acres, to have and to hold the same to the said
Gibson, party of the second part, his heirs and assigns for-
ever; and the said party of the first part, the title to the
above described premises will forever warrant and defend
to the said party of the second part, his heirs and legal rep-
resentatives.

"Nevertheless, the above deed will be void if the said
Golightly shall, at or before the maturity of said notes, pay
the same in full, and save the said Gibson harmless in re-
gard to liability thereon; and the said Gibson binds himself,

upon the payment of said note by said Golightly, and saving him from liability thereon, to reconvey said lands to said Golightly, if the same shall be necessary to revest the title in him.

"In witness whereof, we have hereto set our hands and seals, this — day of January, 1866.

"J. W. GOLIGHTLY, [SEAL.]"

On the twenty-fourth day of December, 1870, the lands described in the above conveyance were duly sold, under execution, by the deputy sheriff of Jackson county, at public outcry, to satisfy a judgment recovered on the — day of March, 1870, in the Circuit Court of Woodruff county, by the administrators of Tilman Gregory, deceased, against said Golightly, and were purchased by R. W. Martin for $325, which he paid; and after the expiration of twelve months, they not being redeemed, the said deputy sheriff, by deed, conveyed them to said Martin.

In September, 1872, Martin filed in the Circuit Court of Jackson county his complaint in equity against Gibson, alleging the foregoing facts, and exhibiting said deeds and said judgment and execution from the Woodruff Circuit Court, and asserting that the deed from Golightly to Gibson was only a mortgage to secure Gibson from liability on said note to Jones, and leaving in Golightly the equity of redemption of said lands; and that by virtue of his purchase and sheriff's deed, he had acquired all the right and title of Golightly, and was entitled to redeem the lands from said mortgage. That Gibson was and had long been in possession, and had received the rents and profits of said lands, more than sufficient to discharge said note and all taxes and repairs accruing on said lands.

He prays for an account of the amount due on the note, the amount of rents received by the defendant, and the

26–38

amount expended by him for taxes and necessary repairs, and offering to pay any balance that may be due him on said note, or for taxes or repairs; prays to redeem said lands, and for possession.

Gibson answered, denying that the deed from Golightly was a mortgage, and asserting that it conveyed to him an estate in fee; that Golightly failed to pay said note to Jones at maturity, and he (Gibson) had paid the whole amount of it to Jones at maturity; for which consideration the title to said lands became invested in fee simple to this defendant; and the said Golightly, and all others claiming under him, were precluded from setting up title to said lands. "That at the time said conveyance was executed the relation of debtor and creditor did not exist between the defendant and Golightly, and it was not executed to secure any debt owing by Golightly to defendant."

The court, upon the hearing, found that the instrument was a mortgage, and ordered a reference for an account; and afterwards, upon final hearing, decreed the title and possession to Martin and Gibson approved. The matter of the account and report of the master are not necessary to an intelligent understanding of the decision of the court.

*W. R. Coody,* for appellant:

1. The instrument was a *sale,* and not a mortgage. *Jones on Mort.,* secs. 256, 258, 263; *Plumm* v. *Shirley,* 16 *Indiana,* 380; *Jones on Mort.,* sec. 260; *Henley* v. *Holaling,* 41 *Cal.,* 22. There was no loan—no acknowledgment of a pre-existing debt; no contract for re-payment; no debt or liability; nothing that appellant could enforce against Golightly in a court of law *in rem* or *in personam.* *Blakemore* v. *Byrnside,* 7 *Ark.,* 509.

See also, 7 *Cranch,* 218; *Turner* v. *Kerr,* 44 *Mo.,* 429.

If not a security, it is a conditional or absolute sale. 5 *Ark.*, 321 ; 3 *Ark.*, 364. See further, *Hickox* v. *Lowe*, 10 *Cal.*, 197 ; 18 *Cal.*, 117 ; 45 *Ga.*, 621 ; 22 *Mich.*, 383 ; 20 *Barbour*, 370 ; 2 *Edwards* (*N. Y.*) *Ch'y.*, 143 ; 19 *Wend.* (*N. Y.*) 518 ; 7 *Conn.*, 143 ; 4 *N. H.*, 130 ; *Jones on Mort.*, sec. 265, and authorities cited ; 35 *Vermont*, 125–8.

2. A deputy sheriff cannot execute a deed for land sold at execution sale, in the name of his principal. *Gantt's Dig.*, sec. 5600. Under this section the deputy may possibly execute a deed, but the power is questionable, and the policy more so. The acts of a sheriff *de facto* may be valid. 25 *Ark.*, 336 ; but a deputy cannot be an officer *de facto*, and defendant had the right to show that he had not been duly appointed. 3 *Randolph*, (*Va.*) 473. The deputy was not legally appointed. *Gantt's Dig.*, sec. 5598, 5599 ; *Crocker on Sheriffs*, sec. 14.

*J. M. Moore and Charles Minor*, for appellee :

1. The instrument was a mortgage. *Hilliard on Mort.*, vol. –, *p.* 2 ; 5 *Ark.*, 321 ; 7 *Ark.*, 505 ; *Flagg* v. *Mann*, 2 *Sumner*, 486 ; *Daugherty* v. *McColgan*, 6 *Gill. & J.*, (*Md.*) 215 ; *Dow* v. *Chamberlin*, 5 *McLean*, 281 ; *Lodge* v. *Turman*, 24 *Cal.*, 385 ; *Tibeau* v. *Tibeau*, 22 *Mo.*, 70 ; *Richards* v. *Richards*, 36 *Ill.*, 336 ; *Wing* v. *Cooper*, 37 *Vt.*, 169 ; 13 *Ib.*, 341 ; 19 *Ohio*, 212 ; 20 *Ohio*, 581.

If it is doubtful whether an instrument is a mortgage or a conditional sale, equity will consider it a mortgage. *Crane* v. *Brown*, 1 *Green.*, 264 ; *Robertson* v. *Campbell*, 2 *Call.*, (*Va.*) 421 ; 33 *Cal.*, 329 ; 1 *Div. Eq. cases*, 373 ; 39 *Ala.*, 156 ; 4 *Ind.*, 101. A conditional sale is not a security for money, but a sale in good faith, on condition that the vendor may repurchase, etc., or "is a purchase for a price paid or to be paid." *Hill on Mort.*, vol. 1, *p.* 85, secs. 1

and 2; *Howard* v. *Harris*, 2 *Wh. and Tud. L. Cas.*, *part II.*, 516, 517.

2. The acts of a *de facto* sheriff, under color of authority, and those of his deputy, are binding upon the community. *State* v. *Carroll*, 9 *Am. Rep.*, 409, from 38 *Conn.*, 449.

3. Under the Code the defendant must put in issue defects, if any exist, in a sheriff's deed, if he desires to avail himself of them at the trial. *Thompson* v. *McDonald*, 2 *Dev. and Bat.*, 471.

HARRISON, J. It is apparent, from the face of the conveyance from Golightly to the appellant, that it was intended as an indemnity to the appellant against his liability in the note to Jones; and the circumstances attending its execution also clearly show that to have been its object and purpose. There is nothing upon its face, or in the attending circumstances, from which it might be inferred that a conditional sale, rather than a mortgage, was intended, and even if there could be a doubt as to which was intended, the law would construe it to be a mortgage, rather than a conditional sale. 1 *Jones on Mortgages*, sec. 258.

A mortgage is not necessarily a security for debt; it may be for the performance of some act, or, as in this case, an indemnity against some liability of the mortgagee. 2 *Wash. on Real Prop.*, 36; 1 *Jones on Mort.*, sec. 16 (*and note*).

The deed upon a sale of land under execution may be made by a deputy sheriff in the name of his principal. *Freem. on Executions*, sec. 327; *Her. on Executions*, 287.

The deed from the sheriff to the appellee was regular and valid on its face, and as its validity was not denied, nor

in any manner called in question by the answer, it was admitted, and evidence to impeach it was inadmissible. *Sec.* 4608 *Gantt's Digest.*

The decree is affirmed.