CENTRAL TRUST CO. *v.* TEXAS & ST. L. RY. CO.[1]

*(Circuit Court, E. D. Missouri. June 1, 1885.)*

1. EQUITY PRACTICE—DELAY IN FILING ANSWER.
    A foreclosure suit having been instituted against a railroad company upon a mortgage given to secure its bonds, the company appeared and consented to the appointment of a receiver, and assented to all steps thereafter taken in the the case without filing any answer for about a year and a half, and then asked leave to file an answer. *Held,* that if the defendant had a meritorious defense, an answer stating it, under oath, might be submitted, provided it was shown to the satisfaction of the court by explanatory affidavits that there was a good excuse for the delay.

2. MORTGAGE—DEFAULT IN PAYMENT OF INTEREST—CLAUSE AS TO PRINCIPAL—FORECLOSURE.
    *Semble,* that where a mortgage is given by a railroad company to secure the payment of bonds and interest coupons thereto attached, the trustee may institute foreclosure proceedings immediately upon default in the payment of interest, and that the right so to do is not affected where the mortgage provides that in case the mortgagor "fail to pay the interest on any of the said bonds at any time when the same may become due and payable according to the tenor thereof, and shall continue in default for six months after such payment has been demanded, * * * then and thereupon the principal of all the bonds hereby secured shall become immediately due and payable, provided, etc.; and that in such case * * * the trustee * * * may take, with or without entry or foreclosure, actual possession of said road;" and fails to provide expressly for immediate foreclosure upon such default.

In Equity. Foreclosure suit. Motion for leave to file an answer. A receiver was appointed in this case, with the consent of the de-

1 Reported by Benj. F. Rex, Esq., of the St. Louis bar.

fendant, January 12, 1884, and all succeeding steps in the case have been taken without any opposition on the defendant's part. No answer has been filed, nor was leave to file answer asked, until May 4, 1885, when the defendant, by its attorney, asked leave to file an answer, claiming that this suit was not instituted by the trustee for the purpose of carrying out and executing the conditions of the mortgage in good faith, but to promote a certain scheme, which parties holding 51 per cent. of the company's bonds had entered into, to foreclose the mortgage for the purpose of depriving a minority of their rights in the company, and that the knowledge of this scheme had not reached the defendant until April 25, 1885. The defendant claimed in the argument, moreover, that the complainant had no right to foreclose until six months after default in the payment of interest, and that the suit had been instituted before that period had elapsed. The mortgage contains the following among other clauses, viz.:

"That so long as the party of the first part, or its successors or assigns, shall well and truly perform all and singular the stipulations of the said bonds and coupons and the covenants of this indenture, the said party of the first part, its successors and assigns, shall be suffered and permitted to possess and enjoy the said mortgaged premises," etc.    *    *    *

"That in case the party of the first part, its successors or assigns, shall fail to pay the interest on any of the said bonds, at any time when the same may become due and payable, according to the tenor thereof, and shall continue in such default for six months after such payment has been demanded at its or their agency, in the city of St. Louis or New York, then and thereupon the principal of all the bonds hereby secured, shall be and become immediately due and payable: provided, the said trustee gives written notice to the party of the first part, its successors or assigns, of its option to that effect while such default continues; which notice it may give of its own motion, but shall be bound to give, if required, in writing, to do so by the holders of fifty per centum of said bonds then outstanding; and that in such case    *    *    *    the said trustee, or its successors in this trust, may, in its discretion, and shall upon the request in writing, of the holder of fifty per centum of said bonds then outstanding, etc., take, with or without entry or foreclosure, actual possession of said road."

"Nothing herein contained shall be construed as limiting the right of the said trustee to apply to the courts for judgment or decree of foreclosure and sale under this indenture."

*Elencious Smith,* for complainant.

*Jeff. Chandler* and *Dyer, Lee & Ellis,* for defendant.

TREAT, J., (*orally.*) There is an application to the court for leave to file an answer in the case of the Central Trust Company against the Texas & St. Louis Railway Company. I have noted the points to be considered in the case. The first order in this case was made by Judge McCRARY, and recited the express consent of the defendant. This application now before the court is by the defendant itself, which seeks, after this lapse of time, to be permitted to come in to dispute what it expressly assented to and agreed should be recited in the original decree. The question of laches is apparent. No answer was filed within the time prescribed, and now this effort is made

so to do. In the mean while this court, under the consent of all the parties, through its receiver, has been administering this property. The thought, in the proposed answer suggested, is that there was no right on the part of the plaintiff in this case to proceed for default of interest until the expiration of six months after the default first occurred. The court does not so read the mortgages. The party plaintiff had the power to proceed for default of interest in September, when the default occurred. The provisions of the mortgage are that if said default continues for six months, the trustee may declare the principal due; and if he does not at his own discretion so do, a majority of the bondholders may compel him so to do. Therefore the six months' clause in the mortgage has nothing to do with the default of interest, on which the right of the trustee to proceed is based. It merely relates to the making of the principal also due. That is but one of the allegations. In the original bill there is a second allegation which is of the same nature as this court has been acting upon in the *Wabash Case,* to-wit, that this company, with the consent of all concerned, had stated that its condition was such that, without the aid of the court, all parties in interest would be seriously damnified. Hence there are two grounds to the bill: (1) The default in the September interest; (2) the wrecked condition of the road.

Experience has shown, in the course of this administration, that the second allegation, unfortunately, is too true; for this court has been occupied for a long period of time in trying to save the rights of the parties by issuing receivers' certificates in some instances, and by controlling the property generally, which was in the most unfortunate condition when the court took possession of it. And it is one of the few cases, so far as my experience goes, in which a receiver has been enabled to rescue a property that was comparatively worthless at the time he took charge of it. Now, if the defendant were a natural instead of an artificial person, evidently he would be estopped. It has not only expressly consented to all that has been done, but a great deal that has been done, has been done at its instance. It waits for this great length of time, and then, by reason of some outside wrangle between parties, it seeks to upset the whole action of the court, and all that it itself has caused to be done, or that has been done at its express request and instance.

But it is stated in the argument that a minority of the bondholders and of the stockholders, to-wit, 10 per cent., did not enter into that corporate action; to which the ready reply is, "Why, then, have they waited all this length of time, knowing all these facts?" They have their rights, though in a minority interest, to make their application to the court in due time to prevent any wrong being done to them, if any was contemplated. It must be remarked that the plaintiff in this case is a trustee under two mortgages: the first and the second. It therefore became it, as such trustee, to take such action as would preserve the interests, not of the bondholders under the first

mortgage alone, but of all. It has so attempted to do. The result is, in order that the party may become of record, and have his alleged right adjudicated formally, instead of having in the exercise of discretion his right to become of record refused, that leave will be granted to him to submit an answer under oath, with explanatory affidavits, showing why this long delay while this course of proceeding has been going on. That answer will have to be presented within 10 days; and if allowed to be filed, the plaintiff will have leave to file a replication forthwith, so that this proceeding shall not be indefinitely prolonged in this court. If defendant has any meritorious defense, it can present it within that time. That answer, however, will have to be submitted to the court in order that the court may see whether it is confined to the real issues of the case, instead of being filled with immaterial issues, as the proposed answer is. The court has nothing to determine but the real controversy here, and the wranglings among outside parties are utterly immaterial to the question whether this mortgage shall be foreclosed and the property sold. Of course, when the order of foreclosure is made, if it ever shall be, the court will take care that the minority are as thoroughly protected as the majority; but in this stage of the controversy, where only the rights of the parties are to be determined in reference to the foreclosure, the court has nothing to do with that incidental question. Therefore the application as now made, that is, the answer submitted to the court, is denied; but leave is given on the terms expressed to submit a proper answer under oath, with affidavits showing why these parties have for some 15 months or more lain by and assented to everything, and now come in and wish to go back on their own express assents before the court.