LAND *v.* MAY.

Opinion delivered December 24, 1904.

1. MORTGAGE—INSTRUMENT CONSTRUED TO BE.—A warranty deed which, after describing the purchase money notes, provides as follows: "If the above notes are not paid when due, this deed to be null and void," is a mortgage, and not a conditional sale. (Page 418.)

2. PLEADING—AMENDMENT.—Where a grantor in a deed, in form a conditional sale, but in reality a mortgage, brought an action to declare a forfeiture of the supposed condition, and procured the appointment of a receiver to take possession of the land *pendente lite,* he should be permitted to amend his complaint by asking a foreclosure of the mortgage, in which case he will be treated as a

mortgagee in possession from the date the receiver took possession; otherwise, judgment should be entered restoring to the grantee possession of the land and dismissing the complaint. (Page 418.)

Appeal from Cleveland Chancery Court.

JOHN M. ELLIOTT, Chancellor.

Reversed.

*D. H. Rousseau,* for appellant.

In the absence of fraud, the recitals of the deed cannot be varied by parol. 28 Ark. 48-54; *Ib.* 638; 28 *Id.* 361; 56 Tex. 72; 5 Wall. 166; 10 Cal. 106; 63 Conn. 388. Estates upon condition can only be created by deed or grant, and do not lie in parol. Coke, Litt. 325. As to what are estates upon condition and their legal effect, see: 3 Kent's Comm. 120; 2 Gr. Cruise, R. Prop. 2. Conditions in deeds are strictly construed against the grantor, but not the grantee. 1 Cliff. 577; 100 Ala. 406; 129 Ill. 501; 128 Ind. 43; 68 Am. Dec. 638; 63 *Id.* 330; 5 Am. St. Rep. 680; 4 Cush. 184; 6 Am. & Eng. Enc. Law (2d Ed.), 502-3; 15 Ark. 703; 53 Ark. 107. At common law the grantor could assert no right against the grantee for breach of condition without a re-entry. Coke, Litt. 325; 1 Doug. (Mich.) 225. Equity will always relieve against forfeitures whenever compensation can be made by money payment of the obligation, on just terms. Story, Eq. § 1019; 62 N. Y. 486; 38 Ark. 486; 66 Ark. 66. The court erred in not either sustaining the demurrer or transferring the cause to the law docket. Sand. & H. Dig. § 6121. Appellee had no lien for rents, as there was no contract, express or implied, therefor. 48 Ark. 264. If he had made an entry, after condition broken, he might have sued for after accrued rents. 35 Ark. 134; 27 Ark. 33. But the action for use and occupation is purely a legal remedy. The court had no power or authority to interfere by the appointment of a receiver. 33 Ark. 81; 28 Ark. 58. Not having amended his bill so as to ask foreclosure of his lien, appellant cannot now do so. 29 Ark. 637; 43 Ark. 243; 49 Ark. 94. The vendor had no right of action on any of the notes until the last one fell due. 60 Ark. 39. The intention of the parties will

govern as to the divisibility or entirety of a contract; and the contract in this case is divisible.   59 Ark. 1; 165 Ill. 544; 115 N. Y. 539; 38 Ia. 60; 15 Pick. 409.

*W. S. Amis,* for appellee.

HILL, C. J.   On the 30th of September, 1896, May sold to Land 566 acres of land upon credit.   It was divided into two tracts, separate deeds made for each, and twelve notes given, the first six for one tract, the last six for the other.   The notes were in usual form, and drawing 5 per cent. interest, and written after the signature of the maker was this:   "This note is given as a part to secure payment on the following land," giving a description of the tract for which the particular note was given. Deeds were made for the two tracts, each a warranty deed in usual form, with this additional matter, after describing the land:   "The above land is secured by the following notes:" then follows a description of each of the six notes, and then follows this clause:   "If the above notes are not paid when due, this deed to be null and void."

Land went into possession under his deeds.   Litigation ensued between the parties over the cutting of timber from the land, growing out of a difference between them as to an alleged agreement in regard thereto.   The chancery court settled it by applying one-half the proceeds of the timber cut and to be cut to May's notes, and the other half to Land.   In this way nearly all of the first note was paid.   The notes due December 1, 1898, and December 1, 1899, were not paid, and this suit was brought in Cleveland Chancery Court on February 7, 1900.   The object of the suit was to declare the sale void by reason of the non-payment of the second and third notes, regain possession of the land, and have the deeds canceled and the notes surrendered for cancellation and returned to Land.

The court granted the relief as prayed, and directed the receiver, who had been appointed *pendente lite,* to turn over to May the possession of the land, and to pay out of the rents collected the costs of the suit and the receivership and $150 fee for plaintiff's solicitor, dispose of the balance of the crops, and bring the fund into court to be disposed of as thereafter ordered. As a mortgagee had intervened, it is presumed that these funds

were to be applied towards the satisfaction of the mortgage on the crops.

The courts of chancery are not the appropriate tribunals to enforce forfeiture and recover possession of real estate on the strength of an alleged legal title thereto. This proceeding was not warranted in any court. The notes and deeds on their face show an indebtedness secured on this land, and were mortgages, and not conditional sales. *Gibson* v. *Martin,* 38 Ark. 207; *Stryker* v. *Hershy,* 38 Ark. 264; *Mitchell* v. *Wade,* 39 Ark. 377; *Hershey* v. *Luce,* 56 Ark. 320.

When this suit was brought, three of the notes given for one place, and all six given for the other, were not due. Other questions are presented in the record, such as the erroneous allowance for attorney's fees, and other matters which will hardly arise again in view of the case taken by the court. As the evidence shows a default in the payment of part of the notes, the plaintiff was entitled to have foreclosure for such as were due, but he did not ask it. On the remand of the case leave should be given to amend asking foreclosure. If such course is taken, then the plaintiff becomes chargeable as mortgagee in possession from the date the receiver took the possession, and an accounting will be had accordingly. If the plaintiff does not avail himself of the privilege of amending, then a judgment shall be entered restoring the defendant Land to possession of the property and dismissing the complaint.

Reversed with directions to proceed accordingly.