## PAMPLIN *v.* ROWE.

### Opinion delivered July 10, 1911.

1. FRAUD—MISREPRESENTATION—MATERIALITY.—In a sale of an orchard containing fruit trees, a misrepresentation as to the kind of trees therein is material. (Page 146.)

2. SALES OF LAND—ACTION FOR PURCHASE MONEY—JUDGMENT.—In an action to enforce the payment of purchase money notes secured by a lien on real property, it was error to render personal judgment against the defendant for notes not yet due. (Page 147.)

Appeal from Sebastian Chancery Court, Greenwood District; *J. V. Bourland,* Chancellor; reversed.

#### STATEMENT BY THE COURT.

On the 16th day of August, 1904, D. K. Dill and his wife, Permelia Dill, executed their bond for title to J. L. Pamplin, upon the condition that, "Whereas, the said J. L. Pamplin has this day purchased of the said D. K. Dill and Permelia Dill the following described real estate, situated in the county of Sebastian, State of Arkansas, and described in the public surveys as the east half of the southwest quarter and the southwest quarter of the southeast quarter of section 25, township 7 north, range 31 west, and agreed to pay therefor the sum of eighteen hundred dollars in the following manner:

"Two hundred dollars cash and eight promissory notes of $200 each, due on the 25th day of December, 1905; 25th December, 1906; 25th December, 1907; 25th December, 1908; 25th December, 1909; 25th December, 1910; 25th December, 1911, and 25th December, 1912, respectively, with interest on said notes at 8 per cent. from date until paid." That they agreed, upon the punctual payment of said notes, all taxes and the surrender to the plaintiff of this instrument, to convey or cause to be conveyed to the said defendant the above described real estate with warranty of title when the said bond was to be void.

J. L. Pamplin paid $200 in cash and the first two notes of $200 each. D. K. Dill died on October 15, 1908, and R. A. Rowe was appointed executor of his will.

This suit was brought by the executor and the widow as legatee under the will against J. L. Pamplin in the chancery court. The complaint recites these facts, and alleges:

"That the plaintiff has requested the payment of said notes which are due, and that the defendant has failed and refused to pay the same, and has thereby failed to comply with his contract of purchase. The said purchase money is a lien on said real estate for the payment thereof. That the defendent went into possession of said real estate under the said title bond, and is still in possession. Wherefore plaintiffs pray judgment against J. L. Pamplin for $1,118.40 and the interest due on said notes at the date of judgment; and that a short time be fixed by the court for the payment of judgment, and, upon default in the payment of said judgment within the time specified, that the property be ordered sold, upon manner and terms to be fixed by the court, and that a special commissioner be appointed to carry out the decree of court herein, and for all other proper legal and equitable relief and the sum of $600 damage."

The defendant, Pamplin, filed an answer, in which he alleged that he was induced to sign the contract of purchase on account of certain false representations made by D. K. Dill. The character of the alleged false representations will be stated in the opinion. Additional facts will be stated in the opinion.

On the 28th day of October, 1910, the chancellor rendered judgment against defendant for the sum of $1,673.11, and ordered that he pay into court the sum of $800 on or before November 1, 1910, and that, on his failure to pay said amount into court, said lands should be sold for the payment of the full amount for which judgment was rendered.

The defendant has appealed.

*Geo. S. Evans,* for appellant; *Geo. W. Johnson,* of counsel.

The false representations made by the vendor entitled the appellant to damages. 21 Ark. 125; 82 Ark. 20; 25 Ark. 541; 30 Ark. 536; 19 Ark. 115. The amount of damages depends on the extent to which the land was enhanced by reason of the false representations. 73 Ark. 354; 47 Ark. 148; 30 Ark. 540. The deceased's widow was a competent witness. 46 Ark. 378; 46 Ark. 306; 35 Ark. 248; 37 Ark. 200. The decree should be reversed. 11 Ark. 58; 12 Ark. 699.

*Rowe & Rowe* and *Robert A. Rowe,* for appellees.

The purpose of art. 7, sec. 22, of the Constitution was to exclude absolutely the testimony of the parties therein men-

tioned.   26 Ark. 477;  32 Ark. 337;  51 Ark. 401;  67 Ark. 318; 52 Ark. 550.   An honest expression of opinion is no fraud, though it prove to be erroneous.   46 Ark. 337.   The purchaser cannot deny his vendor's title.   27 Ark. 21;  27 Ark. 160;  31 Ark. 319;  35 Ark. 540;  47 Ark. 239;  38 Ark. 200; 47 Ark. 351.   The representation, to affect the validity of the sale, must be the inducing cause thereof.   19 Ark. 522;   30 Ark. 686.   Appellant bought the farm on his own judgment. 11 Ark. 58;  46 Ark. 378;  46 Ark. 306;  35 Ark. 248;  37 Ark. 200.

HART, J., (after stating the facts).   It is conceded that the defendant was looking for a fruit farm, and entered into the contract which is the foundation of this action.   The proof on the part of the defendant shows that D. K. Dill and J. M. Cope ordered 1,000 Junebud Elberta peach trees, and were to take 500 each.   Cope got a card from the nurseryman, saying that he did not have the kind they wanted, and asking if some other kind would do.   Soon afterwards Cope received a notice that the trees had come.   He told Dill that he would not take them.   Dill replied that he would look at them. Later he told Cope that they were nice looking trees.   Cope says that he does not know whether Dill took them or not. Other testimony shows that Dill took the trees and planted them on the land he sold to the defendant, Pamplin.

L. A. Grant testified that after Pamplin moved on the place, and the trees had commenced bearing, D. K. Dill got him to go over there and look at the trees.   That he examined the trees and saw they were not Elberta trees.   That Dill told him that he had sold the trees to Pamplin for Elberta trees, and that they had proved not to be Elberta trees.   That he had to make good to Pamplin, and wanted the company from which he bought them to make good to him.

Other evidence showed that they were not Elberta trees, and that the fruit was worthless for market purposes.

The plaintiff introduced testimony tending to show that Elberta peach trees could be known by their leaves, although the trees were not in fruit.   Defendant admits that he examined the trees before he agreed to purchase the land, but states that at that time he could not tell Elberta trees by their leaves; and his testimony in this respect is not contradicted.

D. K. Dill sold the farm with trees on it, which he sold

for Elberta trees, a kind which was valuable for market purposes. The defendant wished to buy a fruit farm. The representation was therefore material. *Kincaid* v. *Price*, 82 Ark. 20; *Matlock* v. *Reppy*, 47 Ark. 148.

The plaintiff introduced testimony tending to show that it could not be known whether the trees were Elberta until they had been set out and had begun to leaf. But the testimony of Cope shows that he told Dill they were not Elberta trees before Dill took them from the nurseryman, and there is no contradiction of his testimony. Hence it must be admitted that Dill either knew they were not Elberta trees when he took them, and when he sold them to Pamplin for Elberta trees; or that he purchased them, set them out and then sold them to Pamplin for Elberta trees in reckless disregard of the fact whether his representations were true or not. It can not be said that he was acting in good faith because the plaintiff introduced testimony tending to show that Elberta trees could not be distinguished from other trees before they put on leaves; for Cope testifies that he told Dill that the trees were not Elbertas before he purchased them.

The number of trees in the orchard, which were represented to be Elbertas, is 400. Without entering into an extended discussion as to the amount of damages suffered by defendant on account of the false representations concerning the orchard, we think a careful consideration of the testimony will place it at $200, and we so find. *Matlock* v. *Reppy*, 47 Ark. 166.

It is also contended by defendant that D. K. Dill made false representations to him as to where the true boundary on one side of the land was situated. It is sufficient answer to this to say that defendant has occupied the land with reference to the boundaries shown him by Dill, and his occupancy has not been disturbed or molested.

The court rendered a personal judgment against the defendant for notes not yet due. This was manifestly an error.

The chancellor properly found that Dill made false representations as to the Elberta trees to induce defendant to purchase his farm, and that the representations were material; but refused to allow damages for want of proof, and for this error, the decree will be reversed.

The decree provided that the land should be sold for the payment of all the notes. In view of the pleadings and the evidence in the case, we do not deem it necessary to decide whether or not this was erroneous.

The plaintiffs, in their complaint, treat the sale as an executed one. They only ask judgment for the matured notes, and a sale to pay them. This court has already held that, upon the remand of the case, leave may be given to ask for a decree of foreclosure for such notes as are then due. *Lund v. May*, 73 Ark. 415. By the time the cause is heard again, all of the notes except one for $200, or possibly two, aggregating $400, will be due. The plaintiffs contend in their argument that the lands are worth $3,000. There is no allegation or proof of insolvency on the part of the defendant. The land is the defendant's home, and his whole defense to the suit was to recoup damages for alleged false representations of the vendor of the land; and this issue has been settled. Hence it is not probable that there will be any necessity for an order for the sale of the land, and a decision of whether the court should decree a sale for an unmatured note is not necessary.

Therefore, the decree will be reversed, and the cause remanded.