HAGUE STRICKLAND, *et al.*, *Appellants*, v. GAINESVILLE NATIONAL BANK, *Appellee*.

Opinion filed January 10, 1918.

An allegation of ownership by the complainant of a note and mortgage given to secure the note described "or any renewals thereof," in the following language "that on or about October or November, 1914, the said The Dutton Bank consolidated with your orator, and your orator became the owner of the said note given by the defendant, Hague Strickland, and of the mortgage given to secure same," with the further allegation that the note sued on is a renewal of the original note, and it appearing from the bill that the note sued on was made by the original maker to the complainant the alleged successor in interest of the payee of the original note, will be held a sufficient showing of ownership of the indebtedness and the mortgage to withstand an attack made upon the bill by demurrer.

Appeal from Circuit Court for Alachua County, W. S. Bullock, Judge.

Order affirmed.

*T. B. Ellis, Jr.*, and *Robert E. Davis*, for Appellants;

*W. S. Broome*, for Appellee.

WEST, J.—This cause comes to this court on appeal from an order of the Circuit Judge overruling demurrers of defendants to the bill of complaint exhibited against them. The suit was to foreclose a mortgage upon certain described real estate, and the bill is in the usual form in such cases. Demurrers were filed by each of the defendants which, upon hearing, were overruled.

The errors assigned is the order overruling these demurrers.

It is urged by appellants that it does not appear from the allegations of the bill that the complainant is the owner of the mortgage sought to be foreclosed and the indebtedness secured by it.

It appears that the original note was made payable to The Dutton Bank and that the mortgage was made to secure the payment of this note "or any renewal thereof."

The allegations of ownership, by the complainant, of the note and mortgage is as follows: "that on or about October or November, 1914, the said The Dutton Bank consolidated with your orator, and your orator became the owner of the said note given by the defendant, Hague Strickland, and of the mortgage given to secure same."

It is also alleged that the note sued on, which is made payable to the complainant, is a renewal of the original note. This we think is sufficient allegation of ownership by the complainant of the indebtedness and the mortgage to withstand the attack made upon the bill by the demurrer, and especially so, since it appears from such allegations and from the note itself, copy of which is attached to the bill, that such ownership has been recognized and conceded by the defendant, who is the maker of the original note, by making such renewal note payable to the complainant.

It is also urged that the bill is defective and that the Chancellor erred in overruling the demurrer of the defendant, who was not a party to the original note, but who became a party to the renewal note which is sued on, because complainants asked for a deficiency decree against both of the defendants in the event the proceeds of the sale of the mortgaged property should not be sufficient to fully pay and liquidate the indebtedness.

This is not a proper subject of enquiry at this stage

of the proceedings. It is assumed that the Chancellor will make only such decree in the case as the pleadings and the proof warrant under the law, and that if a deficiency decree against either or both of the defendants is unauthorized, that none will be entered.

Other contentions made have been considered, but they are without merit, and no useful purpose would be served in discussing them upon an appeal from an interlocutory order.

The order appealed from will be affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.