HOTEL MANAGEMENT CO., *et al.*, v. CHARLES A. KRICKL, *et al.*

158 So. 118.
Opinion Filed December 13, 1934.

*Loftin, Stokes & Calkins,* for Appellants;

*Edward E. Fleming,* for Appellees.

DAVIS, C. J.—This is an interlocutory appeal from an order denying a motion interposed by two of the defendants below seeking dismissal of a second amended bill of complaint brought to foreclose a certain mortgage. The facts are as follows:

On April 1, 1924, T. W. Palmer and his wife executed and delivered to Charles W. Eaton ten promissory notes for $5,000.00 each, payable one a year for ten years, and a mortgage securing their payment encumbering a leasehold estate in certain land. Eaton died on July 8, 1925. Thereafter his duly qualified executors pursuant to an order of the County Judge of Dade County, Florida, indorsed the notes and assigned the mortgage to Lillian O. Eaton. She later married Charles A. Krickl, who is joined with her in this suit. All except the last two notes have been paid.

On May 1, 1933, Charles A. Krickl and his wife filed a bill to foreclose the mortgage, making the appellants, Enterprise Realty & Securities Corporation and Hotel Management Company, parties defendant to the bill on an allegation that they claimed an interest in the land, the nature of which was unknown to the plaintiffs.

On May 11, 1933, the plaintiffs, without notice, obtained leave from the court to file an amendment to the bill of complaint alleging that because of the default in the payment of the note and interest falling due on April 1, 1933, and of the lack of payment within thirty days thereafter, the plaintiffs exercised the option contained in the mortgage to declare the balance of the debt due and payable. The appellants' appearance was filed on June 5, 1933, and on August

3, 1933, they filed motions to dismiss the bill and strike the amendments. These motions were granted. Plaintiffs filed an amended bill, a motion to dismiss it was granted, and plaintiffs filed a second amended bill. A motion to dismiss the second amended bill was overruled, and from that order the defendants, appellants here, appealed.

The mortgage sought to be foreclosed contained the following clause which appellees contend is an acceleration clause:

"7. If any sum of money herein referred to, or referred to in the notes or 99-year lease herein mentioned, or any of them, be not promptly and fully paid within thirty (30) days after same become due and payable, or if each and every stipulation, covenant, agreement and condition of said promissory notes, and this mortgage, and the said 9-year lease, or either of them are not duly, fully and completely performed, complied with or abided by, then, in any of such events the aggregate sum of money mentioned in the said notes as shall then be outstanding and unpaid, shall immediately without notice and demand, become due and payable to the same extent and, in the same manner as though stipulated to be paid on that day, anything in the notes or herein contained to the contrary notwithstanding.

Counsel for appellants, however, contend that the effect of the foregoing clause was to extend the time for payment of each note thirty days from the date thereof. But to so hold would mean that if all of the notes except the last one had been paid, the mortgagee could not institute proceedings for its collection until thirty days after its due date on April 1, 1934, thereby making the clause serve as a hindrance rather than a benefit to the mortgagee in the premises, and incidentally changing the contract between the parties as evidenced by the language used in the notes.

The general rule is that if there is a conflict between the terms of a note and mortgage, the note shall prevail. 19 R. C. L. p. 493; 46 L. R. A. (N. S.) 476, *et seq.* Effect should be given to both, however, where there is no actual or necessary conflict. Here, it seems, there is in reality no conflict. The note was in default when it was not paid on April 1, 1933. So the mortgage was subject to foreclosure at any time thereafter for the collection of that note. Under the previously quoted clause, which we hold to be acceleration clause, the mortgagee could, after the lapse of thirty days from the day of default, elect to declare the remaining note due and institute proceedings by way of foreclosure for its collection.

The notes themselves provide for no grace period. Under Section 6847 C. G. L., 1927, 4761 R. G. S., they were payable on the due date named therein, without grace. On default in payment of any note, regardless of whether or not there was an acceleration clause permitting mortgagee to foreclose on the notes as yet not due, the mortgagee could foreclose the mortgage for the payment of that note. Land v. May, 73 Ark. 415, 84 S. W. Rep. 489; Pfeninghausen v. Shearer, 65 Mo. App. 348; Grattan v. Wiggins, 23 Col. 16; Giles v. Lewis, 4 Del. Ch. 51; Boyer v. Chandler, 160 Ill. 394, 43 N. E. Rep. 803, 32 L. R. A. 113; Withrow, v. Clark, 2 Ind. 107; Adams v. Essex, 1 Bibb (Ky.) 149; 4 Am. Dec. 623; Central Trust Co. v. T. & S. L. Ry. Co., 23 Fed. 846; 19 R. C. L. p. 492; Curtis v. Cutler, 37 L. R. A. 737, 40 U. S. App. 233.

The proposition that the mortgagee could, on May 1, 1933, institute foreclosure proceedings on the note which fell due on April 1, 1933, is therefore correct.

This brings us to the question of the effect of the amendment permitted by the Chancellor on May 11, 1933, setting

up the acceleration clause, the default in payment of the note due April 1, 1933, and the continuance of that default for thirty days and the exercising of their option by the plaintiffs to declare the entire remaining amount secured by the mortgage and unpaid in the sum of $10,000.00 due and payable, and asking for foreclosure of that sum, together with interest thereon, reasonable attorney's fees and costs.

If the position that the filing of the bill on May 1, 1933, was not premature and was allowable is correct, as we have held that it is, then was the plaintiff's setting up the second note, under the terms of the acceleration clause, by the amendment to the pending bill, permissible under Sections 26, 27, 29 and 30 of Chapter 14658, the 1931 Chancery Act?

The original bill had equity in it. The maturity of the second note was matter accruing subsequent to the filing of the original bill, and germane to and material to the case (Florida Bank & Trust Co. v. Morris, 101 Fla. 1305, 134 Sou. Rep. 617; Biscayne Realty & Ins. Co. v. Ostend Realty Co., 109 Fla. 1, 148 Sou. Rep. 560) and it could be done by amendment without the necessity of a supplemental bill. (See 27, 1931 Chancery Act, *supra*.)

If there was any error in the Chancellor's permitting this to be done before the filing of the appearance of the defendants and without notice to them (and attention is called to Sec. 29 of the 1931 Chancery Act permitting plaintiff to amend his bill as of course before answer filed) that error was cured by the Chancellor's order subsequently sustaining the defendants' motion to dismiss the first amended bill. Complainant below certainly had the right on May 11, 1933, to declare the second note due and payable and institute foreclosure proceedings upon it. Allowing her to do so by amendment to the pending bill of complaint, worked no injustice upon the defendants and was in accordance with

equitable principles. Counsel for appellant, by predicating their objection to the amendment on the theory that the original bill was completely without equity, impliedly admit as much.

The third point raised by appellants in their brief is that the plaintiff did not sufficiently allege ownership of the note and mortgage in the bill and that for that reason the motion to dismiss the second amended bill should have been sustained. In paragraph 3 of the bill is the allegation that "your orator, Lillian O. Krickl, is now the sole owner of said mortgage and notes as herein set forth." In paragraph 4 is the allegation that "by virtue of such endorsement and transfer the said Lillian O. Eaton became and was, before maturity and is now, the owner and holder of said notes hereinabove referred to." In paragraph 5, the allegation that she is now the owner and holder of the notes and mortgage is repeated. The notes attached as exhibits and incorporated in the bill by reference show an endorsement to her in proper form. These allegations, admitted for the purpose of the argument by the motion to dismiss, are sufficient. Strickland v. Gainesville Nat. Bank, 75 Fla. 5, 77 Sou. Rep. 615.

It follows that the order appealed from should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, TERRELL and BUFORD, J. J., concur.