TULANE HOLDING COMPANY v. MICHAEL A. KEANE and JOHN C. KEANE.

192 So. 610
Opinion Filed December 1, 1939
Rehearing Denied January 5, 1940

*Redfearn & Ferrell,* for Appellant;
*George E. McCaskill,* for Appellees.

TERRELL, C. J.—On January 12, 1937, appellant executed its promissory note in favor of appellees, payable at the First National Bank of Miami, on or before January 12, 1938, and bearing interest at 6 per cent per annum payable semi-annually. To secure payment of the note, appellant executed and delivered to appellees a purchase money mortgage on certain real estate, a copy of the note being copied into and made a part of the mortgage.

The mortgage contained a covenant providing that if any of the sums therein referred to be not paid within thirty days after they became due and payable, the said aggregate sum mentioned in said promissory note shall become due and payable forthwith or thereafter to the option of the mortgagees.

On February 10, 1938, within the thirty-day default period provided in the mortgage, appellant went to the First National Bank of Miami and offered to pay the principal and interest then due on the note but the bank refused to accept payment because it had returned the note to appellees. On February 23, 1938, appellees filed their bill to foreclose the mortgage. Appellant answered the bill to foreclose interposing the defense that it had offered to pay the note at the place of payment within the thirty-day default period and that having done so, it should not be required to pay interest subsequent to February 10, 1938, the date it offered payment; neither should it be required to pay protest fees and attorneys' fees for foreclosing the mortgage. The chancellor on final hearing after evidence taken, held appellant liable for the full amount of these charges. The appeal is from the final decree.

Did the chancellor err in decreeing that appellant should be charged with interest after February 10, 1938, protest fees and attorneys' fees for foreclosing the mortgage, is the only question with which we are confronted.

In our view, this question must be answered in the affirmative. The note was payable on a day and place certain named in the note and the covenant in the mortgage relied on had the effect of giving appellant thirty days for payment before appellees were permitted to coerce payment. The appellant by its counsel went to the place of payment before the expiration of this thirty-day period and offered

to pay the full amount of the note with interest but was not permitted to do so because it had been withdrawn from the bank and protested.

It was perfectly consistent for the payee of the note to give the maker this indulgence and to construe the contract in any other way amounts to reading the thirty-day default period out of the transaction. The note should not have been protested and removed from the bank prior to this time. Clearly the liability for attorney's fees and cost of foreclosure was contingent on such means having to be resorted to for collecting the proceeds of the note after the thirty-day default period expired.

In this holding we have not overlooked the contention of appellees to the effect that appellant did not make a tender of payment and keep it alive at the payment bank as the law contemplates and that this case is controlled by Hotel Management Co. v. Krickl, 117 Fla. 626, 158 So. 118.

As to the matter of tender, the question is disposed of by Section 6832, Compiled General Laws of 1927, which provides that when an instrument is payable at a designated time and place and the maker is able and willing to pay it there when due, such ability and willingness are equivalent to tender of payment. Appellant complied with this statute by offering to pay at the place designated within the grace period.

In response to the contention that the instant case is ruled by Hotel Management Co. v. Krickl, *supra,* it is sufficient to say that the acceleration clause contained in the mortgage in the latter case was absolute, requiring no affirmative action on the part of the mortgagee to effectuate it, while the acceleration clause brought in question provides that if the note is not paid within thirty days after it is due,

the note "shall become due and payable forthwith or thereafter at the option of the mortgagees."

Other contentions of appellees have been examined but we cannot escape the conclusion that appellant had thirty days to pay after the maturity date of the note, that the record discloses that both parties gave it that construction at one time and that having tendered payment at the bank at which it was payable within the allowable period, appellant cannot now be held for protest fees, attorneys' fees for foreclosing the mortgage, and interest accruing after February 10, 1938, the date of tender.

From this, it follows that the judgment below must be and is hereby reversed.

Reversed.

TERRELL, C. J., WHITFIELD, BUFORD, CHAPMAN and THOMAS, J. J., concur.

Justice BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.