ALLEN, Judge.
These are two appeals, consolidated for argument, from the final decree and corrected final decree, respectively, in a mortgage foreclosure suit.
Maynard Abrams, as Trustee, sued Morris D. Mager, and others, to foreclose a real estate mortgage. The defendants alleged the mortgage was not in default and that plaintiff was guilty of deceit and other inequitable conduct. Defendants also counterclaimed for default of plaintiff in giving certain releases under the mortgage, and plaintiff replied with a general denial. After hearing testimony, the chancellor entered a decree for plaintiff. Later, a corrected decree was entered. Defendants have appealed from each of these decrees. The second decree, case No. 750, was a correction of the description in the first decree. This later decree shall not be hereinafter referred to but is herein affirmed.
*387 The appellants have raised several questions, only one of which we deem it necessary to discuss in this opinion. The appellants also argue, in their brief, the inequitable conduct on the part of appellee, but no assignments of error are in the record upon which such argument may be predicated.
The main contention of the defendants below, appellants here, was that there existed a conflict between the terms of the note and of the mortgage as to acceleration of the due date of payment of the principal sums described therein in the event of a defatdt.
The promissory note provided:
“It is further agreed that time is the essence of this contract and that in the event of default in payment of any installment for a period of thirty days, the holder of this note may, at his option, declare all the remainder of said debt due and collectible, and any failure to exercise said option shall not constitute a waiver of the right to exercise the same at any other time.”
The mortgage contained the following provision as to acceleration:
“And the mortgagor hereby further covenants and agrees to pay promptly when due the principal and interest and other sums of money provided for . in said note and this mortgage,
“If any sum of money herein referred to be not promptly paid within 30 days, next after the same becomes due, or if each and every the agreements, stipulations, conditions and covenants of said note and this mortgage, or either, are not fully performed, complied with and abided by, then the entire sum mentioned in said note, and this mortgage, or the entire balance unpaid thereon, shall forthwith or thereafter, at the option of the mortgagee, become and be due and payable, anything in said note or herein to the contrary notwithstanding. * * * ” (Italics ours.)
It will be observed that the note provides for acceleration in the event of default in the payment of installments, whereas the mortgage provides for acceleration in the event of any default, whether in the payment of principal, interest, taxes or insurance premiums.
The appellant cites the case of Hotel Management Co. v. Krickl, 1934, 117 Fla. 626, 158 So. 118, 119, as providing that in a conflict between the terms of a note and mortgage, the note shall prevail. In that case, the Court, in its opinion, said:
“The general rule is that, if there is a conflict between the terms of a note and mortgage, the note should prevail. 19 R.C.L. p. 493; Clark v. Paddock, 24 Idaho 142, 132 P. 795, 46 L.R.A.,N.S., 476 et seq. Effect should be given to both however, where there is no actual or necessary conflict. Here, it seems, there is in reality no conflict. The note was in default when it was not paid on April 1, 1933. So the mortgage was subject to foreclosure at any time thereafter for the collection of that note. Under the previously quoted clause, which we hold to be acceleration clause, the mortgagee could, after the lapse of thirty days from the day of default, elect to declare the remaining note due and institute proceedings by way of foreclosure for its collection.”
We find nothing in the opinion in the above case that would conflict with the holding of the lower court in the instant case. We further find no conflict between the mortgage and the note, since the mortgage itself provides that the acceleration clause in the mortgage shall prevail, anything in the note to the contrary notwithstanding.
*388 Finding no error in the record, we affirm the lower court on the appeals in each of these two cases.
The lower court refused to allow attorney’s fees for the attorney for the ap-pellee. The attorney representing the ap-pellee is a law partner of the appellee trustee in this case. Under the record in this case, we do not find error in the refusal of the lower court to require payment of appellee’s attorney’s fees.
The decree of the lower court in each of the instant cases is hereby affirmed.
KANNER, C. J., and SHANNON, J., concur.