CARROLL, DONALD K., Chief Judge.
These appeals are from a final and an interlocutory decree entered by the Circuit Court for Duval County in a suit to foreclose a chattel mortgage.
The basic facts appearing in the voluminous record are briefly as follows: On December 16, 1960, the Gibbs Corporation borrowed $300,000 from its retirement trust fund and executed a promissory note in that amount in favor of the fund’s trustee, the plaintiff-appellee. The note was signed by the defendant-appellant as president of the corporation and endorsed by him in his own name without reference to such capacity. The note was payable in one payment of $300,000 on June 16, 1961 “together with interest after maturity at the highest lawful rate and reasonable attorneys’ fees (15% if permitted by law) if placed in the hands of an attorney for collection after maturity. * * * ” The note provided that it was secured by a chattel mortgage of the same date on the S. S. Henry Wynkoop, which was a converted Liberty ship that was being used as a sandblasting and tank coating facility in the corporation’s shipyard business, together with appurtenances.
This chattel mortgage contains a provision that it shall cease and be null and void if the mortgagor complies with the conditions and agreements in the said note and mortgage and “ * * * if the Mortgagor shall pay unto the Mortgagee that certain installment promissory note of $300,000 with interest on the unpaid balance from the date thereof at the rate of 10 per centum. * * «»
The said note was not paid on June 16, 1961, the due date, and on the latter date the corporation by the appellant as president executed a second promissory note, which recited that it was to be:
“due in one (1) payment of $300,000.00 on December 16, 1961 (being an extension of note in like amount originally due June 16, 1961.) Bearing interest at the rate of 10%. together with interest after maturity at the highest lawful rate and reasonable attorneys’ fees (15% if permitted by law) if placed in the hands of an attorney for collection after maturity. * * * ”
On June 16, 1961, also, a third note was made payable to the appellee and similarly executed by the corporation in the principal amount of $15,000, which was due in one payment:
“on September 16, 1961, Interest at the rate of 10% per annum, together with interest after maturity at the highest lawful rate and reasonable attorneys’ fees (15% if permitted by law) if placed in the hands of an attorney for collection after maturity.”
Unlike the first and second notes, however, the third note was not endorsed by the appellant. Both the second and the third notes stated that they were secured by a mortgage dated on or about June 16, 1961, but the said mortgage was not identified or involved in the present foreclosure proceedings.
*393 In the final decree appealed from, the Circuit Court concluded from the above facts and the evidence and pleadings in the record that the parties had agreed that the first note, dated December 16, 1960, should bear interest at the rate of ten per centum per annum from the said date of this note (December 16, 1960). In computing the amount of the appellees’ lien the court in the said decree included $36,250 as the amount of interest at ten per cent figured from December 16, 1960, to March 2, 1962, the date of the decree.
The principal contention made by the appellant on this appeal is that the court erred in holding that the note of December 16, 1960, bore interest at the rate of ten per cent before the note matured. We think this contention is well made, upon the following reasoning:
The basic instruments involved in these proceedings are the note and mortgage dated December 16, 1960. The only provision in that note providing for interest is in these words “together with interest after maturity at the highest lawful rate.” There is no provision in the note as to interest before maturity.
The difficulty in construing these two instruments arises from the following language in the mortgage of December 16, 1960: “ * * * with interest on the unpaid balance from the date thereof at the rate of 10 per centum per annum. * * * ” We consider that this language is ambiguous as to the date on which the ten per cent rate begins to run. The words “from the date thereof” could be logically construed either to mean from the date of the note (December 16, 1960) or to mean from the date the unpaid balance became due (June 16, 1961). Applying the appropriate rules of construction as to instruments of this kind, we think that the latter construction is the correct one. The former construction would be inconsistent with the terms of the note, which provides only for interest after maturity. The fact of such inconsistency requires the application of the following rule of construction recognized by the Supreme Court of Florida in Hotel Management Co. v. Krickl, 117 Fla. 626, 158 So. 118 (1934) :
“The general rule is that, if there is a conflict between the terms of a note and mortgage, the note should prevail.”
While, admittedly, one could hardly say that there was a direct conflict between the terms of the note and those of the mortgage because the note contained no provision for interest before maturity, we think that the spirit of the quoted rule favors the conclusion that the agreement as expressed in the note should prevail.
The provisions of the second note, and the third note, both dated June 16, 1961, cannot aid us in this consideration because they were executed on the date when the first note matured and obviously cannot determine the question of the rate of interest chargeable under the first note before its maturity.
A careful study in the record of the pleadings, testimony, and exhibits on the question leads to the conclusion that all the parties have been confused from the beginning as to whether the note of December 16, 1960, provides for interest before maturity and, if so, what interest rate was thus provided for. In fact, the appellant in his answer to the complaint admitted the allegations of several paragraphs of the complaint, one of which contained an allegation that the said note bore 10% interest before maturity. Later in the proceedings, however, the appellant contended the opposite and still so contends on this appeal.
A comparison of the three notes, which are included in the record, supports our conclusion that the first note contains no provision for interest before maturity. These three notes are on the same type of printed form. Each of the three notes contains these same printed words: “together with interest after maturity at the highest lawful rate. * * * ” The first note (dated December 16, 1960) contains no *394 other reference to interest. On the other hand, the second and third notes (both dated June 16, 1961, the maturity date of the first note) contain an additional provision for interest. In the second note the following language is typed in: “Bearing interest at the rate of 10%,” and in the third note these words are typed in: “Interest at the rate of 10% per annum.”
A further complication arises from tire fact that the third note is in the principal amount of $15,000, the exact amount of interest that would have been due on June 16, 1961, if the first note had provided for interest before maturity at the rate of ten per cent. The execution of this third note indicates that the first note ought to have provided ten per cent interest, but it also indicates at the same time that the parties felt that a new note was needed to provide for such interest.
In view of the above conflicting circumstances, it is understandable how the chancellor reached his conclusion that interest at the rate of ten per cent was due from December 16, 1960, for the question is patently a close one. Nevertheless we hold that in this uncertain situation the answer must be found in the first note, itself. That note contains no provision for interest before maturity, and we think that fact is determinative here. No interest, at the rate of ten per cent or otherwise, is therefore chargeable under the first note during the period from December 16, 1960 to June 16, 1961. Since the chancellor included interest at ten per cent per annum during such period in computing in the final decree the amount of the appellees’ lien, that part of the decree must be reversed.
The appellant also objects herein to the court’s allowance of attorneys’ fees and objects to its decree confirming the foreclosure sale and the title of the plaintiff purchaser at the sale, and awarding a deficiency against the appellant. The only error we have found, in those rulings is that which may have arisen out of its error in including in the amount of the lien the interest discussed above. In view of such error, the decree confirming the sale must be reversed, for there is no way to tell what difference there might have been in the bidding at the sale, if the appellees’ lien had been reduced by the amount of interest incorrectly charged. Similarly, the allowance of attorneys’ fees should be reconsidered by the court for the sole purpose of re-examining the allowance in the light of the reduced amount of the lien.
In accordance with the above, the final decree is affirmed in part and reversed in part, and the interlocutory order of confirmation is reversed, and the cause is remanded with directions for further proceedings consistent with the views herein expressed.
RAWLS, J., and McLANE, Associate Judge, concur.