PETERSON, Judge.
Donna L. Lewis appeals an order overruling her objection to the inventory filed in the Estate of John J. Tureol, deceased. The inventory included a promissory note naming Lewis and Tureol as payees with no other language indicating any relationship between the two, as well as a mortgage securing the note that designates mortgagees Lewis and Tureol “as joint tenants with right of surviv-orship and not as tenants in common.” Lewis’ objection alleged that the note and mortgage passed to her upon Turcol’s death and was improperly included in the inventory. The trial court disagreed and held that Tur-col’s personal representative owned an undivided one-half interest in the note secured by the mortgage. We agree and affirm.
When a conflict exists between the terms of a note and the provisions of a mortgage, such as in the instant case, where the relationship described between the two persons named as payees in the note directly conflicts with the relationship specified between the two persons named as mortgagees in the mortgage instrument, the terms of the note should prevail. Hotel Management Co. v. Krickl, 117 Fla. 626, 158 So. 118 (1934); Gibbs v. Hicks, 146 So.2d 391 (Fla. 1st DCA 1962); see also § 689.15, Fla. Stat. (1997), indicating that the doctrine of the right of survivorship shall not prevail in Florida unless the instrument creating the estate expressly provides for survivorship.
AFFIRMED.
THOMPSON and ANTOON, JJ., concur.