The Marianna National Farm Loan Association, a Corporation, *Appellant*, v. J. T. Braswell and Carrie Braswell, his wife, Thomas Burdeshaw, and First National Bank of Marianna, a Corporation, *Appellees*.

Opinion Filed March 17, 1928.

*Wm. B. Farley,* for Appellant;

*Carter & Solomon,* for Appellees.

WEST, Circuit Judge:

This is a suit to foreclose a mortgage on real estate given to secure the payment of certain indebtedness described in the mortgage. There was a demurrer to the bill of complaint by one of the defendants. Upon a hearing the demurrer was sustained and the bill dismissed. This appeal is to review the order sustaining the demurrer.

The complainant was Marianna National Farm Loan Association, a corporation. The defendants were J. T. Braswell and Carrie Braswell, his wife, Thomas Burdeshaw and First National Bank of Marianna, a corporation.

The bill alleges in substance, so far as it is necessary to be set out on this appeal, that the defendant, J. T. Braswell, on the 24 day of June, 1919, being then the owner of the land described in the mortgage sought to be foreclosed, which is made a part of the bill of complaint and attached to it as Exhibit "A," and a member of the complainant, Marianna National Farm Loan Association, joined by his wife, Carrie Braswell, delivered to the Federal Land Bank of Columbia their mortgage, dated on said date and given to secure the payment of a loan for the principal sum of $3,000.00, evidenced by a note of the said J. T. Braswell and Carrie Braswell of even date therewith, payable with interest, on an amortization plan of 34 annual installments of $195.00, and a final installment of $184.20, the first installment being payable on January 1, 1921, and successive installments on the corresponding date of each succeeding year thereafter until the amount evidenced by the note was paid; that the complainant endorsed said note and became responsible for its payment; that the defendants, J. T. Braswell and wife, Carrie Braswell, failed to pay the installment of said indebtedness which became due and payable on January 1, 1921, and that by such failure and default the said Federal Land Bank of Co-

lumbia, under the provisions of said note and mortgage, had the right to foreclose the mortgage, but that, in order to prevent such foreclosure, the defendant, J. T. Braswell, procured the complainant to pay such installment, and thereupon made and delivered to the complainant his promissory note signed by himself and the defendant, Thomas Burdeshaw, bearing date April 18, 1921, payable on or before November 1, 1921, to Marianna National Farm Loan Association, in the sum of $205.59, with interest from date at 8 per cent per annum, and stipulating that if collection be made by an attorney after maturity, 20 per cent attorney fee be added thereto, and reciting that the note was given to pay installment to Federal Land Bank due January 1, 1921. The note is made a part of the bill of complaint and copy thereof is attached to it marked Exhibit "B."

The bill contains an allegation, "That under the law, and by reason of its endorsement of the note to the Federal Land Bank of Columbia, and its liability for said installment as such endorser, the complainant had a right of subrogation to the lien of the said mortgage to the said Federal Land Bank of Columbia, of which copy is attached as Exhibit "A" hereto, and the note last above mentioned, Exhibit "B," was given in express recognition of such right, and the right of the endorser to be repaid for such payments made by it, and in acknowledgment of the payment by complainant of such installments. And complainant is advised that it is entitled to subrogation to the lien of the said mortgage, Exhibit "A," for the amount now due upon said note, Exhibit "B" hereto, principal, interest and attorney's fees, and avers that the fee therein named, 20 per cent, is a reasonable fee, and that complainant has been forced to employ solicitor to bring this suit."

The note here referred to and made a part of the bill of complaint is as follows:

"205.59                           Marianna, Fla., Apr. 18, 1921.

"On or before Nov. 1st, 1921, after date, I promise to pay Marianna Natl. Farm Loan Association or order Two Hundred Five & 59/100 Dollars without defalcation, for value received. This note is to bear interest at 8 per cent. per annum from date, and if collection is made by an attorney after maturity twenty per cent. attorney's fee is to be added, judgment for same to be included in judgment upon note. All parties hereto, including endorser waives demand, protest and notice of non-payment or protest.

"To pay installment due Fed. L. Bk. Jan. 1, 1921.

"Payable at First National Bank, Marianna, Fla.

"J. T. Braswell [L. S]

"Thos. Burdeshaw [L. S.]"

The bill further alleges that on the 28th day of March, 1922, the said defendants, J. T. Braswell and Carrie Braswell, made and delivered to the defendant, Thomas Burdeshaw, their certain deed, in and by which they conveyed said lands to said Thomas Burdeshaw, subject, however, to the lien of said mortgage, and that on the 20th day of August, 1924, the defendant, Thomas Burdeshaw, joined by his wife, Essie Burdeshaw, made and delivered to the defendant, First National Bank of Marianna, their certain deed, in and by which they conveyed said lands to said First National Bank of Marianna, subject, however, to the lien of said mortgage.

The prayer is that the Court will ascertain and determine the amount due the complainant, decree such amount to be a lien prior to all others upon the lands described in the mortgage, ascertain and determine the rights and equities of the respective parties thereto, decree that the

defendants pay to the complainant the amount found to be due to it, and in default of such payment, that the lands described in the mortgage be sold by a Master appointed by the Court, and from the proceeds of the sale the indebtedness—principal, interest and attorney fee—be paid, and if anything remains of the proceeds, that it be paid into the Court; that the Court will decree the proper equitable status of the lien of the said Federal Land Bank of Columbia, and that it remain upon the lands described in the mortgage, as the Court may find to be right and proper; but if the proceeds of the sale be insufficient to satisfy the decree of the complainant, then that the complainant have judgment for such deficiency against the defendants, with exception in due form thereon.

The grounds of the demurrer of the defendant, First National Bank of Marianna, to the bill of complaint are: First, that the bill of complaint is without equity; Second, it appears from the allegations of the bill of complaint that complainant has paid only a part of the mortgage debt to which it seeks subrogation; Third, the bill of complaint fails to show any installment of said note to be in default so as to authorize foreclosure of the mortgage; Fourth, the Federal Land Bank of Columbia is a necessary party to the suit.

The order sustaining this demurrer and dismissing the bill of complaint is assigned as error.

From the allegations and prayer of the bill of complaint, it is apparent that the complainant seeks, not to be subrogated *pro tanto* to the security of the mortgagee, Federal Land Bank of Columbia, with the right to enforce subrogation by foreclosure of the mortgage, but that complainant's claim to the security be adjudicated as prior and superior to the security of the mortgage for the payment of subsequently maturing installments of the debt. If, in

the situation alleged, subrogation arises and is enforcible by complainant, that would seem to be the result. This Court has held that in cases of a mortgage to secure notes maturing at different dates, the note which first falls due has the prior right to be satisfied out of the mortgaged property, in the absence of some peculiar equity attaching to the notes maturing at subsequent dates. Wilson & Herr v. Hayward, 6 Fla. 171. The mortgagee is, therefore, a necessary party defendant.

But this omission is amendable. So, the other question presented be considered, namely, whether, upon the allegations of the bill of complaint, the complainant is subrogated to the security of the mortgage to the Federal Land Bank upon its note of the defendants, Braswell and Burdeshaw, with the right to enforce subrogation by foreclosure of the mortgage.

In Boley, Executor, v. Daniel, 72 Fla. 121, 72 South Rep. 664, defining subrogation, the Court said: ''Subrogation is the substitution of one person in the place of another with reference to a lawful claim or right. Subrogation arises by operation of law where one having a liability or a right or a fiduciary relation in the premises pays a debt due by another under such circumstances that he is in equity entitled to the security or obligation held by the creditor whom he has paid. This is called legal subrogation. Conventional subrogation depends upon a lawful contract and occurs where one having no interest in or relation to the matter pays the debt of another, and by agreement is entitled to the securities and rights of the creditor so paid.''

The case under consideration is clearly not within the definition of conventional subrogation. If complainant is subrogated to the security of the mortgage, it is not due to an express contract to that effect. No such contract is alleged.

The allegation of the bill of complaint is "That under the law and by reason of its endorsement of the note * * * and its liability for said installment as such indorser" the complainant "had a right of subrogation" to the lien of the mortgage. The theory of the complainant, therefore, is that there was a legal subrogation arising from the alleged facts constituting the transaction.

While it is true, as this Court has said, that the doctrine of subrogation has been steadily expanding and growing in importance and extent in its application, and an agreement out of which subrogation arises and upon which it rests may be express or implied (Forman *et al.* v. First National Bank of Quincy, *et al.*, 76 Fla. 48, 79 South. Rep. 742), yet the fundamentals of the doctrine do not change, and equity will not apply the principle of subrogation where to do so would deprive a party of a legal right. Boley v. Daniel, *supra.* And generally, before legal subrogation can be enforced, there must be a full satisfaction of the entire debt. Cason v. Westfall, 83 Tex. 26, 18 S. W. Rep. 668; Irvin v. Mutual Trust Co., 82 N. J. Eq. 629, 90 Atl. Rep. 274; Wyckoff v. Noyes, 36 N. J. Eq. 227; New Jersey Midland R. R. Co. v. Wortendyke, 27 N. J. Eq. 658; Musgrave v. Dickson, 172 Pa. St. 629, 33 Atl. Rep. 705, 51 Am. St. Rep. 765; Stuckman v. Roose, 147 Ind. 402, 46 N. E. Rep. 680; Jones on Collateral Securities, Secs. 513-522.

In Cason *et al.* v. Westfall, *supra,* giving the reason for this rule, the Supreme Court of Texas said: "When his debt has been only partially paid, it would be unreasonable to hold that the third party who made such payment thereby acquired a precedence over him, or was even placed upon an equal footing, in reference to the security for the payment of the remainder of his debt. No claim by subrogation, whether conditional or by operation of the law, to

the securities held or the remedies enjoyed by a creditor for the collection of his demand, can be enforced until the whole demand of the creditor has been satisfied. Until then there can be no interference with the creditor's rights or securities that might, even by a bare possibility, prejudice or in any way embarrass him in the collection of the residue of his demand.''

In Consolidated Naval Stores Co. v. Wilson, 82 Fla. 396, 90 So. Rep. 461, it was held that for an endorser of a part of a debt to be entitled to subrogation to the mortgage security, he is required to pay the entire indebtedness which the mortgage was given to secure.

There was no error in the order sustaining the demurrer to the bill, and the judgment should be affirmed.

Affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the order of the Circuit Court in this cause be, and the same is hereby, affirmed.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.