LIGHT *v.* FEDERAL LAND BANK OF ST. LOUIS.

Opinion delivered July 2, 1928.

W. H. *Bengel,* for appellant.

J. R. *Crocker,* for appellee.

HUMPHREYS, J. On August 11, 1927, appellant purchased the northeast quarter of the northwest quarter of section 26, township 12 north, range 3 east, in Poinsett County, Arkansas, from F. R. Pipkin, subject to a mortgage Pipkin executed to appellee thereon, November 1, 1921, to secure the sum of $400, evidenced by a note bearing interest at the rate of 6 per cent. per annum, due and payable in equal semi-annual installments as follows: Fourteen dollars due and payable on the 1st day of May and November of each year from May 1, 1922, to May 1, 1954, inclusive, and one installment of $11.69, the last to mature, being due and payable on November 1,

1954, at which time all of the installments would have fully matured. It was declared in the mortgage that, upon the failure of the mortgagors to pay the indebtedness or any interest or installment or partial payment thereof when same should become due, or any taxes, liens, judgments or assessments against said land, the whole indebtedness might be declared due at the option of the mortgagee. On May 1, 1927, prior to the sale of the property to appellant, Pipkin breached the contract by failing to pay the installment of $14 due May 1, 1927, and by failing to pay the Drainage District No. 8 taxes for the years 1924, 1925 and 1926, and the State and county taxes for the years 1924, 1925 and 1926, whereupon appellee brought this suit to foreclose for the installment due and the unpaid taxes, subject to the remaining indebtedness of $360.38. A copy of the note was attached to the complaint and marked **Exhibit A.** The mortgage was attached to the complaint and marked Exhibit B. A separate demurrer of O. L. Light was filed to the complaint. The gist thereof is contained in the second and third paragraphs as follows:

"2. That the indebtedness referred to in the petition as Exhibit A (the note) is but one obligation payable in semi-annual installments, and that appellee does not have the right to foreclose upon any of said installments without declaring the entire indebtedness due.

"3. That appellee cannot, as it is seeking to do, foreclose the lien created and existing under Exhibit B (the mortgage), as to the payment on said note (Exhibit A) which is due, and yet have the lien declared to continue and exist as to the remainder of said note; that said note is but a single obligation, and is not severable for the purpose of foreclosure; that the extinguishment of the lien by foreclosure of the payment due, if permissible, would be an extinguishment of the entire lien."

F. R. Pipkin and his surety, the Harrisburg National Farm Loan Association, were made parties defendant in the action. Pipkin made default, and the Harrisburg National Farm Loan Association consented

to a decree in accordance with the prayer of the complaint.

The cause was submitted to the court upon the complaint, the note and mortgage, which were introduced in evidence, and the demurrer to the complaint, resulting in a judgment against F. R. Pipkin and his surety for the due installment of $14 with interest thereon at 8 per cent. per annum from May 1, 1927; and a decree of foreclosure against the land, together with the amount due for taxes, and an order of sale to satisfy same, subject to a continuing lien on said land in favor of appellee to secure payment of the remaining mortgage indebtedness, from which is this appeal.

Appellant contends for a reversal of the decree because the trial court ruled that it was not necessary to declare the entire indebtedness due in the accelerating clause in order to foreclose for the amount due; and that the extinguishment of the lien by foreclosure of the installment due would not extinguish the lien for the undue installments, or the balance of the indebtedness.

Appellant's contention for a reversal of the decree is refuted by the rule announced in the cases of *Land* v. *May,* 73 Ark. 415, 84 S. W. 489, and *Fox* v. *Pinson,* 172 Ark. 449, 289 S. W. 329. In the Land case this court said that the mortgagee "was entitled to have foreclosure for such as were due, in dealing with a number of notes which were executed by the mortgagor, some of which were due and some not." In the Fox case this court said: "The mortgagee can foreclose upon installments only which have matured, subject to the continuation of the lien upon the property to secure the unmatured installments." In each of these cases the installments were evidenced by separate notes, and there was no accelerating clause either in the notes or mortgages. We do not think that the instant case can be distinguished from the cases cited on that account. In sound logic there is no difference in a single note payable in installments and an indebtedness represented by several

installment notes. The accelerating clause in the mortgage in the instant case was inserted for the benefit of the mortgagee, and, under its provisions, was entirely optional on its part. There is nothing in the clause or mortgage requiring the mortgagee to declare the entire indebtedness due upon the failure to pay an installment when same should become due. We think that, notwithstanding the fact that the indebtedness in the instant case is represented by a single note, payable in installments, instead of a series of notes, and that an acceleration clause is contained in the mortgage, the principle of law announced in the Land and Fox cases, *supra,* is applicable, and controls the instant case. Of course, if the appellee should purchase the land at the foreclosure sale, then the lien would be extinguished in its entirety, since the title of the property would then be in appellee, otherwise not.

No error appearing, the decree is affirmed.

KIRBY, J., dissents.