MIAMI MORTGAGE & GUARANTY COMPANY, a Florida Corporation, *Appellant,* v. D. L. DRAWDY and ANNA C. DRAWDY, his wife, L. R. MOSS and EVA MOSS, his Wife, *Appellees.*

Division A.

Opinion filed May 14, 1930.

1094

*Williard & Knight* and *George Edward Holt,* for Appellant;

*Gallagher & Davis* and *Mitchell D. Price,* for Appellees.

ELLIS, J.—D. L. Drawdy and Anna Drawdy, his wife, on April 21, 1925, owed Miami Mortgage & Guaranty Company six thousand dollars. As evidence of the debt Drawdy and wife executed their promissory notes for that amount in favor of the Miami Mortgage & Guaranty Company payable three years after date with eight per cent per annum interest payable semi-annually. The interest payments were evidenced by coupon notes in the sum of two hundred and forty dollars and attached to the note for the principal sum.

To secure the payment of the debt and interest accruing thereon the Drawdys executed a mortgage upon certain real property. A month after this transaction the Miami Mortgage & Guaranty Company transferred the note and mortgage to John L. Brigham. The Drawdys failed to pay the interest coupon note which became due on April 21, 1927, the fourth of such coupon notes, and the Mortgage & Guaranty Company, the original creditor and mortgagee, paid the note to Brigham, being obligated to do so by reason of its endorsement of the note to Brigham.

The Mortgage & Guaranty Company then exhibited its bill in chancery against the Drawdys to enforce the mortgage security to the payment of the interest debt represented by the coupon note. L. R. Moss and his wife Eva were made parties because it was alleged that they claimed some interest in the premises.

The complainant bases its right to maintain the suit upon a subrogation to the rights of Brigham to demand payment of the note from Drawdy and to enforce the mortgage security against him to collect it, subject nevertheless to the claims of Brigham and his rights as secured by the mortgage.

The Drawdys demurred to the bill and so did L. R. Moss. The demurrers were sustained and the bill was dismissed. From which decree the Miami Mortgage & Guaranty Company appealed.

The interest due upon the principal debt was as much a part of the debt as the principal. It was secured by the mortgage as fully as the principal. The transfer of the indebtedness, that is the amount due and secured by the mortgage, to any one by lawful means carries with it the mortgage security without any written assignment of the latter. See Taylor v. American Nat. Bank, 63 Fla. 631, 57 So. R. 678, Ann. Cas. 1914 A. 390 n; McClure v. American Nat. Bank, 67 Fla. 32, 64 So. R. 427; Collins v. W. C. Briggs, Inc., — Fla. —, 123 So. R. 833; Harris v. Robertson, 77 Fla. 214, 81 So. R. 224; Evins v. Gainesville Nat. Bank, 80 Fla. 84, 85 So. R. 659; Scott v. Taylor, 63 Fla. 612, 58 So. R. 30.

The right to foreclose the mortgage for the failure to pay an interest installment although the principal sum may not be due is undoubted, even though there is no acceleration clause in the mortgage or if there should be and the complainant does not exercise his option to declare the entire debt due the mortgage may be foreclosed for the unpaid interest due. See Warren v. Creevey, 87 Fla. 46, 99 So. R. 247; White v. Gracey, 45 Fla. 657, 34 So. R. 223.

The note for the principal sum contained a clause that the note "together with the coupons hereto attached are secured by a mortgage deed of even date and are subject

to each and every of the conditions, stipulations and agreements therein set out." The mortgage contained a covenant to "pay all and singular the principal and interest and other sums of money payable by virtue of said promissory note and this deed, or either, promptly on the days respectively the same severally come due."

The case of Kirk v. Van Petten, 38 Fla. 335, 21 So. R. 286, is therefore not controlling in this case.

There is no question that the creditor and holder of the mortgage security could maintain his bill to enforce the mortgage. If he had been made a party to the bill as complainant the question would not be in the case. The complainant says that as its prayer is for the enforcement of the mortgage subject to the rights of Brigham as creditor and holder of the principal debt and mortgage security he is not injured by the proceedings and the defendants may not complain; that it seeks only to be be subrogated *pro tanto* to the security held by Brigham with the right to enforce subrogation by foreclosure of the mortgage, but subject to Brigham's claim which the bill acknowledges to be superior.

The Miami Mortgage & Guaranty Company became subrogated to the rights of Brigham so far as the latter's right to demand, sue for and collect, from Drawdy the money which he owed under the terms of the coupon note, arose upon Drawdy's failure to pay. The subrogation arose when the complainant, an indorser of the note to Brigham, paid it when Drawdy failed or refused to do so. See Boley v. Daniel, 72 Fla. 121, 72 So. R. 644.

The doctrine that to enforce subrogation to mortgage security of a debt the person claiming the right must pay the entire indebtedness secured by the mortgage has been announced by this Court. See Consolidated Naval Stores

Co. v. Wilson, 82 Fla. 396, 90 So. R. 461; Marianna Natl. Farms Loan Assn. v. Braswell, 95 Fla. 510, 116 So. R. 639.

Whether subrogation *pro tanto* to the mortgage security under the conditions existing in this case seems not to have been decided in this State although it was suggested in the case last above cited where Mr. Justice WEST, speaking for the Court, said:

"From the allegations and prayer of the bill of complaint, it is apparent that the complainant seeks not to be subrogated *pro tanto* to the security of the mortgagee."

In view of the fact that in this State the rule that the foreclosure and sale of mortgaged premises for a part of the mortgage debt exhausts the lien of the mortgage and the purchaser at the foreclosure sale takes the property discharged of the mortgage debt does not obtain, but on the contrary where a mortgage is given to secure sums of money falling due at different periods the creditor may foreclose by bill as they severally fall due is more consistent with the view obtaining in this State as to the nature or character of a mortgage security being a mere incident to the debt, there seems to be no logical reason why the holder of a coupon note for interest should be compelled to wait until the other notes secured by the same mortgage become due before he may take steps to enforce his security where it is not sought to lessen or affect the security as to the principal note and the remaining coupon note. See Boyer v. Chandler, 160 Ill. 394, 43 N. E. R. 803, 32 L. R. A. 113; 2 Hilliard on Mortgages 108.

Nor was Brigham a necessary party. The bill seeks no relief at all that might injuriously affect him as the holder of the other notes. On the contrary the course adopted by the complainant is beneficial to the holders of the remaining note not yet matured. The complainant has a clear right to take a decree to sell the mortgaged property

subject to the balance due or to become due on the mortgage.

In this view of the case the decree of the chancellor was erroneous and should be reversed. It is so ordered.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.