Submitted on briefs September 30, 1932; modified January 17; 1933

# CARY *v.* METROPOLITAN LIFE INSURANCE CO.

(17 P. (2d) 1111)

*O. M. Allison,* of Portland, for appellant.

*Crum & Dusenbery,* of Portland, for respondent.

CAMPBELL, J. On or about December 1, 1927, one Brita Engstrom, executed to the Portland Trust and Savings Bank of Portland, Oregon, her promissory note in the sum of $1,900, interest to be paid semi-annually, and an installment of $60 on the principal to be paid in June and December of each year until paid in full. The payment of the note was secured by the execution of a mortgage to the payee therein on certain real estate which she then owned. Thereafter, by mesne conveyance, one Mary Farnsworth became the owner, subject to said mortgage, of said real estate; and by due assignment, the defendant became the owner of the note and the mortgage. The note and mortgage contained acceleration clauses in case of default of any payments or breach of any of the conditions or covenants, at the option of the payee or mortgagee.

On February 11, 1932, defendant herein, as plaintiff, instituted proceedings in the circuit court of Multnomah county against said Mary Farnsworth to foreclose said mortgage for certain delinquent installments and interest and taxes then past due in the total sum of $355.45 and $100 attorneys' fees. There was an allegation in said complaint that the mortgaged premises consisted of one lot on which was a dwelling house and the whole of the premises was necessary for its use, and that it could not be divided and sold in parcels.

Defendant therein defaulted and on February 25, 1932, the court entered a decree in which it decreed that certain installments and taxes were due and unpaid and fixed the attorneys' fees at $75 and ordered that the premises mortgaged be sold according to the

law subject to the lien of said mortgage as to the balance of installments not yet due. The court further decreed that defendant therein be and "is hereby foreclosed of any and all interest in the property" except the right of redemption and further "but said foreclosure sale shall be subject to the lien upon said premises of the remainder of said mortgage indebtedness, which mortgage lien is hereby expressly perpetuated and continued as such * * *." A writ of execution was issued on said decree and on March 28, 1932, the premises were accordingly sold by the sheriff and plaintiff herein became the purchaser, receiving a certificate of sale therefor, for the sum of $480.17. Thereafter and before the commencement of the instant suit, plaintiff herein purchased the equity of redemption, from said Mary Farnsworth, in said premises.

On March 27, 1932, plaintiff began the instant suit to quiet title to said premises, alleging ownership in fee simple and the proceedings by which he became such owner; that defendant claims a lien by virtue of said mortgage for the not due and unpaid installments and that such claim is a cloud upon his title. He prays that defendant be required to set forth the nature of his claim, that his title be quieted and that defendant be restrained from asserting any title to the premises.

To this complaint, defendant filed an answer, admitting in effect the facts in the complaint and pleading the proceedings above mentioned wherein it was plaintiff and Mary Farnsworth was defendant; and by way of counterclaim it alleged all of the facts relating to the execution of the note and mortgage, and that its mortgage was superior to plaintiff's claim. Defendant further alleged the breach of the conditions of the note and mortgage on the part of the maker thereof, the acceleration clauses and that it now exercised its option

to declare the whole sum due. It prayed that plaintiff's suit be dismissed and that its mortgage be foreclosed for the full amount remaining unpaid and $200 attorneys' fees.

The defendant thereafter filed a motion for a judgment on the pleadings. Plaintiff also filed a motion for a judgment on the pleadings.

On June 7, 1932, the court overruled plaintiff's motion and granted defendant's motion and entered a decree dismissing plaintiff's complaint and foreclosed defendant's mortgage. Plaintiff appeals.

The record presents for our consideration the interpretation of section 6-509, Oregon Code 1930, which reads as follows:

"When a suit is commenced to foreclose a lien, by which any debt is secured, which debt is payable in installments, either of interest or principal, and any of such installments is not then due, the court shall decree a foreclosure of the lien, and may also decree a sale of the property for the satisfaction of the whole of such debt, or so much thereof as may be necessary to satisfy the installment then due, with costs of suit; and in the latter case, the decree of foreclosure as to the remainder of the property may be enforced by an order of sale, in whole or in part, whenever default shall be made in the payment of the installments not then due."

The language of this section is plain, unambiguous and requires no judicial interpretation: *Hamilton v. Rathbone*, 175 U. S. 414 (20 S. Ct. 155, 44 L. Ed. 219); *Caminetti v. U. S.*, 242 U. S. 470 (37 S. Ct. 192, 61 L. Ed. 442, L. R. A. 1917F, 502, Ann. Cas. 1917B, 1168).

■ It is the duty of the court to take the statute as it finds it without adding to it or subtracting therefrom. Oregon Code 1930, section 9-214, and a long line of cases in this court where this principle was adhered

to, beginning with *State v. Wolf,* 17 Or. 119 (20 P. 316), down to *Nugent v. Union Auto Insurance Co.,* 140 Or. 61 (13 P. (2d) 343).

■ The intention of the legislature in enacting the statute is to be determined from the language used: Oregon Code 1930, section 9-215, *Caminetti v. U. S.,* supra, and cases therein cited.

■ So long as the enactments of the legislative body conform to the constitution, the courts have no right to interfere with the operation of such statutes. *Libby v. Olcott,* 66 Or. 124 (134 P. 13), and the courts must follow the fundamental rule in ascertaining the legislative intention so as to make effective the words used in the statute: *Fales v. Multnomah County,* 119 Or. 127 (248 P. 151); *State v. Slusher,* 119 Or. 141 (248 P. 358); *Banfield v. Schulderman,* 137 Or. 167 (296 P. 1066, 298 P. 905).

■ The object of the statute (section 6-509, Oregon Code 1930) was to provide a method of foreclosing installment liens. It is complete in itself. It has no exceptions or provisos. We may safely apply the maxim, "Where one method is included, the others are excluded." It is readily adaptable to the cause of justice in each particular case. "The court shall decree a foreclosure of the lien." No discretion is left to the court. We must give words of common use, "their natural, plain and obvious signification": *Portland v. Meyer,* 32 Or. 368 (52 P. 21, 67 Am. St. Rep. 538); *Superior, etc. v. Handley,* 99 Or. 146 (195 P. 159), and cases cited therein. When the court forecloses the lien, it may then exercise its discretion and "may also decree a sale of the property for the satisfaction of the whole debt" or it may decree a sale of "so much thereof as may be necessary to satisfy the instalment then due." The court may ex-

ercise either alternative. If it employs the latter method, then the statute provides for the future proceedings. We can readily conceive of circumstances where this might be equitably done, as where the mortgage covered different parcels of real estate, or one parcel that might easily be divided without injury to the remainder. The statute makes provision for the determination of the matter in one law-suit, one filing fee, one attorney fee, and where the property is not divisible, one cost of sale.

But counsel for defendant claims that the statute was enacted for the benefit of the mortgagee but it is also a great advantage to the mortgagor. He finds himself in a similar position to that other benevolent gentleman who, when he found it necessary to amputate his dog's tail, cut it off an inch at a time so he would not hurt the dog and was greatly surprised to find that the animal was so dumb that it could not appreciate its master's kindness but howled in pain with all its energy at each amputation.

Undoubtedly, it was to avoid the evil of piecemeal foreclosures that the law was enacted and was intended to supersede all other methods: *American Trust Co. v. McCallister,* 136 Or. 338 (299 P. 319), and cases therein cited; Sutherland on Statutory Construction (2d Ed.), section 617.

Before the enactment of such a statute, the common law rule regarding foreclosure of liens payable in installments, before all the installments are due, appears to be as announced in 19 R. C. L. 565, sections 374, 375.

"The general rule is that the foreclosure and sale of mortgaged premises for a part of the mortgage debt exhausts the lien of the mortgage, * * *. Furthermore, when the mortgage is foreclosed before the whole

debt is due, and the foreclosure decree directs a sale for the amount due, subject to a lien for the amount not due, the debt not due remains in force, and the mortgagee may again foreclose for the balance."

To the same effect is the rule in 3 Jones on Mortgages (8th Ed.) 337, section 1857.

A careful examination of the decisions of the courts of other states show that their decisions are under a law dissimilar to the Oregon statute, or where the state had no special law on the subject.

Counsel for defendant further contends that regardless of the interpretation given to the statute it is of no avail to plaintiff. The court, in the foreclosure suit (*Metropolitan, etc. v. Farnsworth*), having had jurisdiction of the persons and the subject matter, however erroneous its decree may have been, it is not subject to collateral attack. Assuming without deciding that plaintiff's complaint is a collateral attack on said decree, it is only an attack on that part of it that the court had no authority to make. The court had jurisdiction for a single purpose, that is to foreclose the mortgage as provided by law.

"Judgments of a legally organized, judicial tribunal, proceeding within the scope of its allotted powers, and possessing requisite jurisdiction over the subject matter of the suit and the parties thereto, whether correct or erroneous, cannot be called in question by the parties or privies in any collateral action or proceeding." Freeman on Judgments (5th Ed.) 603, section 305.

■■ The power to foreclose the mortgage in *Metropolitan, etc. v. Farnsworth,* in the manner in which it was done, was never allotted or given to the court. On the other hand, the court was restricted to the method set out in the law. However, plaintiff is in no better posi-

tion than defendant regarding the decree under which he claims title. The court being without authority to foreclose the mortgage, and order a sale of the premises subject to the lien of the mortgage for later installments, it was equally powerless to order a sale of the whole premises to satisfy the due installment while there existed not due installments for which the mortgaged premises was security. Plaintiff, by his purchase of the equity of redemption, has placed himself in the position of his grantee. It would be unjust and inequitable that he should be granted the premises and relieved of payment of the balance of the installments. We are of the opinion that the court in *Metropolitan, etc. v. Farnsworth,* acted entirely beyond its jurisdiction in ordering the sale of the premises subject to the lien of future installments and that the attempted sale made under its decree is void. The defendant is now entitled to a foreclosure of its mortgage, for all installments unpaid, and taxes or liens that it may have paid under the terms of the mortgage. Plaintiff is entitled to credit for all sums paid by himself and his predecessors in interest, including the full amount of $480.17 paid by him at the pretended sale, to be credited as payment on the mortgage.

The cause is hereby remanded with instructions to enter a decree in conformity with this opinion. Neither party to recover costs in this court.

---

ROSSMAN, J., dissenting. I dissent from the decision of the majority for many reasons. First, it is illogical to hold that section 6-509, Oregon Code 1930, permits only one foreclosure of the lien, and then grant the mortgagee a foreclosure in this suit after it had already availed itself of a foreclosure in an earlier suit.

It is true that the first foreclosure was for a portion of the debt only, but if the statute authorizes only one foreclosure of the mortgage lien the mortgagee has exhausted its remedy, even though it did not pray in the first suit for a judgment for the full amount of the debt.

Next, I know of nothing which has occurred in this state or the nation which justifies the majority to speak of "the evil of piecemeal foreclosures." No such evil has come to my notice. This is the day when borrowers are finding themselves burdened with the crushing weight of debts. Borrowers everywhere—the nation, the state, the city and the individual—are struggling for relief. The ever-increasing number of defaulted mortgages threatens thousands with the loss of their homes or other accumulations. The equity of redemption has failed us. It requires the borrower to pay his entire debt, together with the mortgagee's attorney's fee, costs, sheriff's fees, etc. To the harassed borrower who defaulted because he was unable to pay the overdue installments, the right to redeem by paying the whole debt, now expanded with incidental sums, is worthless. In their frantic efforts to save themselves from ruin and eviction, some borrowers have implored the chief executive to declare a moratorium against mortgage foreclosures; and a member of the state Senate of the Oregon Legislature has introduced into the present Legislative Assembly a bill (Senate Bill No. 1) authorizing such a moratorium in this state. Such being the circumstances, partial foreclosure, instead of being an evil, as declared by the majority, may be the salvation of mortgage borrowers. One who cannot raise sufficient funds to redeem from a foreclosure, wherein judgment has been given for the total debt, attorneys' fees and accumulating costs, may,

however, under the spur of necessity, be able to obtain the smaller sum needed to reinstate his mortgage, if foreclosure is decreed for only the overdue installments. Apparently, the defendant, which is one of the most extensive investors in mortgages in this country, so believes. Since it is willing to experiment with such procedure, and since such procedure may be beneficial to the mortgage borrower, it would seem that no obstacles should be put in its way unless the law so demands. In the absence of statute, it is well established that a decree of partial foreclosure, which preserves the lien as security for the balance of the debt, is valid, and the mortgage lien remains effective as security for the nondue installments: *Light v. Federal Land Bank,* 177 Ark. 846 (7 S. W. (2d) 975 (1928).); *Miami Mortgage & Guaranty Co. v. Drawdy,* 99 Fla. 1092 (127 So. 323); *Burroughs v. Ellis,* 76 Iowa 649 (38 N. W. 141); *Hughes v. Frisby,* 81 Ill. 188; *Boyer v. Chandler,* 160 Ill. 394 (43 N. E. 803, 32 L. R. A. 113); *Crouse v. Holman,* 19 Ind. 30, 36; *Nebraska Loan & Tr. Co. v. Domon,* 4 Neb. 334 (93 N. W. 1022); *Nebraska Loan & Tr. Co. v. Haskell,* 4 Neb. 330 (93 N. W. 1045); *Dupee v. Salt Lake Valley Loan & Tr. Co.,* 20 Utah 103 (57 P. 845, 77 Am. St. Rep. 902). The effect of the holdings is thus stated in 19 R. C. L., Mortgages, p. 565, section 375:

"Where principal and interest are due on a mortgage and the mortgage is foreclosed for the interest, but the decree preserves the mortgage lien as to the principal sum, a second foreclosure for the principal is not barred by the first foreclosure. Furthermore, where a mortgage is foreclosed before the whole debt is due, and the foreclosure decree directs a sale for the amount due, subject to a lien for the amount not due, the debt not due and the lien of the mortgagee remain in force, and the mortgagee may foreclose again as to the balance. * * *"

See also Jones on Mortgages (8th Ed.), section 1857; and Wiltsie on Mortgage Foreclosure (34), section 54.

But the majority believes that section 6-509, Oregon Code 1930, prohibits partial foreclosure. The courts have many times declared that a statute will not effect a change in the common law unless the language of the statute clearly indicates such a purpose. This is especially true when, to hold otherwise, would be to abrogate some wholesome provision of the common law. Citations are unnecessary, for the holdings are numerous. The majority proposes to eliminate partial foreclosures because the statute employs the word "shall." "Shall" has been many times construed to mean "may." In fact, in statutory construction the two words are interchangeable. If "may" is substituted for "shall" the statutory remedy is permissive and not exclusive. I am firmly convinced that section 6-509 affords a permissive, and not an exclusive, remedy. Hence, I dissent.