SCHWARTZ, Judge
(dissenting).
The record shows that the 1961 recorded mortgage given by Schwartz on three separate interests in real property secured a note in the principal amount of $21,500.00. By June 24, 1976, when the proceedings below ended, the amount due, with the interest provided in the note, exceeded $60,-000.00.[1] The value of the single parcel which was conveyed to Saligman and which was released from the mortgage in 1972, however, was no more than $23,000.00.[2] *1329 Thus, even pursuant to Ellis v. Fairbanks, 38 Fla. 257, 21 So. 107 (1897), under which, as the majority says, “the Release operated as a discharge of the lien to the extent of the value of the land released . . . ,” it is obvious that the appellants may still foreclose on the two unreleased parcels for a substantial portion of the secured debt. See also Jordan v. Sayre, 24 Fla. 1, 3 So. 329 (1888). This is so because the mortgage lien secures not only “the amount of the original debt,” as the majority suggests, but the interest due on the debt as well. Miami Mortgage & Guaranty Co. v. Drawdy, 99 Fla. 1092, 127 So. 323 (1930).
Nor, in my view, does laches bar the appellants’ right to foreclose. There is no suggestion either in the record, the briefs, or the majority opinion that the appellees’ decedent detrimentally relied in any way upon the mortgagees’ delay in asserting their rights in the secured property. It is established that such a resultant injury or prejudice is required to uphold a laches defense. 21 Fla.Jur. Limitations of Actions § 97 pp. 245-247, and cases cited. We have very recently so held in rejecting a claim of laches in the similar factual setting involved in Florance v. Johnson, 366 So.2d 527 (Fla. 3d DCA 1979), a case which I cannot reconcile with the majority opinion. See also Brown v. Hanger, 368 So.2d 63, 65, n.2 (Fla.3d DCA 1979).
I would reverse the judgment under review and remand the cause with directions to proceed below in accordance with the views expressed in this opinion.

. A personal judgment for $67,899.04 was in fact entered on the note for the Ratners and against Schwartz individually.